UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT EDWARD PEEK,

      Plaintiff,

v.                                  Case No. 3:23-cv-1373-HES-MCR

SGT. MCCORMICK,

      Defendant.

_____

## ORDER

### I. Status

Plaintiff Robert Edward Peek, an inmate of the Florida penal system, initiated this action on November 15, 2023,[1] by filing a pro se Complaint for Violation of Civil Rights (Doc. 1)[2] under 42 U.S.C. § 1983. He is proceeding on an Amended Complaint (AC; Doc. 8). In the AC, Peek names Sergeant McCormick as the only Defendant. See id. at 2. He alleges that Defendant McCormick violated the Eighth Amendment by failing to intervene when another inmate assaulted him. See id. at 3, 5. Peek requests monetary relief. See id. at 5.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

This matter is before the Court on Defendant McCormick's Motion to Dismiss (Motion; Doc. 29). Peek filed a response in opposition to the Motion. See Motion Showing Defendant[']s Deliberate Indifference and Cruel [and] Unusual Punishment (Response; Doc. 54). Defendant McCormick's Motion is ripe for review.

## II. Peek's Allegations[3]

As to the specific underlying facts supporting his claim, Peek asserts that on April 19, 2023, at approximately 7:56 a.m., inmate David Bradwick assaulted him with an empty food tray. See AC at 5. According to Peek, Defendant McCormick and a confinement orderly watched the assault but failed to intervene. See id. He alleges that inmate Bradwick assaulted him until medical arrived at 8:02 a.m. See id. As a result of the incident, Peek required "5 staples in [the] top of [his] head" and "a walker due to loss of balance due to had tr[a]uma." Id. at 5. Peek alleges that his bottom teeth were loosened, and he sustained lacerations to his lips. See id.

---

[3] In considering Defendant McCormick's Motion, the Court must accept all factual allegations in the AC as true, consider the allegations in the light most favorable to Peek, and accept all reasonable inferences that can be drawn from such allegations. See Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts recited here are drawn from the AC and may well differ from those that ultimately can be proved.

2

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Summary of Defendant McCormick's Arguments

In his Motion, Defendant McCormick asks the Court to dismiss the AC because: (1) Peek fails to state a claim for relief; (2) Peek is not entitled to

4

compensatory damages because he sustained de minimis injuries; and (3) Defendant McCormick is entitled to qualified immunity. <u>See generally</u> Motion.

## V. Analysis

### A. Failure to State a Claim

Defendant McCormick argues that Peek fails to state an Eighth Amendment claim for failure to intervene. <u>See</u> Motion at 4–6. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. <u>See</u> U.S. Const. amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994). Therefore, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." <u>Id.</u> at 833 (alteration omitted). A prison official who observes a constitutional violation has an obligation to intervene if he is in a position to do so. <u>See</u> <u>Terry v. Bailey</u>, 376 F. App'x 894, 896 (11th Cir. 2010) (per curiam);[4] <u>see also</u> <u>Johnson v. Boyd</u>, 701 F. App'x 841, 846 (11th Cir. 2017) (per curiam) ("[A]n officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene.").

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Accepting Peek's allegations as true, he states an Eighth Amendment claim for failure to intervene. Peek alleges that Defendant McCormick was in a position to intervene, but he failed or refused to do so. See AC at 5. Indeed, Peek asserts Defendant McCormick observed the assault and took no action to separate the inmates to prevent further harm to Peek. See id. As such, Peek's failure-to-intervene claim against Defendant McCormick will proceed.

## B. De Minimis Injury

Defendant McCormick argues that Peek is not entitled to compensatory damages under 42 U.S.C. § 1997e(e) because he has not alleged that he suffered more than de minimis physical injuries resulting from Defendant McCormick's failure to intervene. See Motion at 6–8. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." To satisfy § 1997e(e), a prisoner must assert a physical injury that is more than de minimis. Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015). But the physical injury need not be significant. See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014).

Here, Peek required medical treatment after the assault. See AC at 5 ("Given pain meds[,] CAT scan[, and] MRI . . . ."). He sustained a laceration to his lips, and he required five staples on the top of his head. See id. Taking those

6

allegations as true, the Court finds Peek asserts a physical injury greater than de minimis. See Thompson, 551 F. App'x at 557 n.3 (describing an approach of asking whether the injury would require a free world person to visit an emergency room or doctor). Thus, the Motion is denied to the extent that Defendant McCormick asserts Peek's request for compensatory damages is precluded under § 1997e(e).

### C. Qualified Immunity

Defendant McCormick alternatively asserts that he is entitled to qualified immunity. See Motion at 8–11. The Court notes that although "the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" Corbitt v. Vickers, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting St. George, 285 F.3d at 1337). The Eleventh Circuit has stated:

> The qualified-immunity defense reflects an effort to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). The doctrine resolves this balance by protecting government officials engaged in discretionary functions and sued in their individual

7

capacities unless they violate "clearly established federal statutory or constitutional rights of which a reasonable person would have known." Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010) (quotation marks and brackets omitted).

As a result, qualified immunity shields from liability "all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). But the doctrine's protections do not extend to one who "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff]." Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982) (internal quotation marks and alteration omitted).

To invoke qualified immunity, a public official must first demonstrate that he was acting within the scope of his or her discretionary authority. Maddox v. Stephens, 727 F.3d 1109, 1120 (11th Cir. 2013). As we have explained the term "discretionary authority," it "include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (internal quotation marks omitted). Here, it is clear that Defendant Officers satisfied this requirement, as they engaged in all of the challenged actions while on duty as police officers conducting investigative and seizure functions.

Because Defendant Officers have established that they were acting within the scope of their discretionary authority, the burden shifts to [the plaintiff] to demonstrate that qualified immunity is inappropriate. See id. To do that, [the plaintiff] must show that, when viewed in the light most favorable to him, the facts demonstrate that Defendant Officers violated [Plaintiff's] constitutional right and that that right was "clearly established...in light of the specific

8

> context of the case, not as a broad general
> proposition[,]" at the time of Defendant officers'
> actions. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct.
> 2151, 150 L.Ed.2d 272 (2001), overruled in part on
> other grounds by Pearson, 555 U.S. 223, 129 S.Ct. 808.
> We may decide these issues in either order, but, to
> survive a qualified-immunity defense, [the plaintiff]
> must satisfy both showings. Maddox, 727 F.3d at
> 1120–21 (citation omitted).

Jones v. Fransen, 857 F.3d 843, 850–51 (11th Cir. 2017); see King v. Pridmore,

961 F.3d 1135, 1142 (11th Cir. 2020).

> A right may be clearly established for qualified
> immunity purposes in one of three ways: (1) case law
> with indistinguishable facts clearly establishing the
> constitutional right; (2) a broad statement of principle
> within the Constitution, statute, or case law that
> clearly establishes a constitutional right; or (3)
> conduct so egregious that a constitutional right was
> clearly violated, even in the total absence of case law.

Gilmore v. Ga. Dep't of Corr., No. 23-10343, --- F.4th ---, 2025 WL 1911728, at

*8 (11th Cir. July 11, 2025) (en banc) (quoting T.R. by and through Brock v.

Lamar Cnty. Bd. of Educ., 25 F.4th 877, 883 (11th Cir. 2022)).

Defendant McCormick is not entitled to qualified immunity at this stage

of the proceedings. In the AC, Peek alleges that Defendant McCormick

witnessed another inmate beat him with a food tray for approximately 5

minutes. See AC at 5. According to Peek, Defendant McCormick did not

intervene during that time. See id. Peek sustained significant injuries to his

head, and he received a walker due to loss of balance. See id.

9

Accepting Peek's allegations with respect to Defendant McCormick, the Court finds that Peek has alleged facts sufficient to state a plausible failure-to-intervene claim. Because Peek has stated a plausible claim against Defendant McCormick, he is not entitled to qualified immunity at this stage of the litigation. Accordingly, the Motion is due to be denied.

Therefore, it is now **ORDERED:**

1.    Defendant McCormick's Motion to Dismiss (Doc. 29) is **DENIED without prejudice** to reasserting his arguments in a properly supported motion for summary judgment.

2.    Defendant McCormick shall respond to the Amended Complaint (Doc. 8) **no later than September 15, 2025**. Upon the filing of his answer, the Court, by separate Order, will set deadlines for discovery and the filing of dispositive motions.

**DONE AND ORDERED** at Jacksonville, Florida, this /3 day of August, 2025.

HARVEY E. SCHLESINGER
United States District Judge

Jax-9 8/12
c:    Robert Edward Peek, #C647468
      Counsel of record